**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FRANK LUIS DE DIOS MARTINEZ,**

   **Plaintiff,**

   v.                                                          No. 14-cv-0169 MCA/SMV

**CIBOLA COUNTY, CITY OF GRANTS,**
**KATHY GALLEGOS,**
**PENITENTIARY OF NEW MEXICO, and**
**FNU LNU,**

   **Defendants.**

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court sua sponte under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6) regarding Plaintiff's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1], filed on February 21, 2014. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For reasons set out below, Plaintiff will be directed to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell At.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

The complaint alleges that Plaintiff was sentenced to death in 1995 and spent eight years on death row. [Doc. 1] at 2. The death sentence and placement caused him to suffer behavioral problems which, in turn, caused him to be kept in segregation after he was transferred from death row. *Id.* Plaintiff states that he was in segregation until 2011. *Id.* He contends that his extended confinement on death row and in segregation amounted to cruel and unusual punishment, in violation of his Eighth Amendment protections. *Id.* at 3. For relief, the complaint seeks damages. *Id.* at 5.

In his complaint, Plaintiff states that he did not seek administrative relief from the conditions of his confinement during the sixteen years of his segregation. *Id.* "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Typically, the issue of non-exhaustion must be raised as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). However, "[i]f it is clear on the face of [the] complaint that [the plaintiff] ha[s] not exhausted his administrative remedies, then the district court properly may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from [the plaintiff]." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). Here, Plaintiff's complaint expressly states that he has not exhausted his available administrative

remedies. The Court therefore will require Plaintiff to show cause why his complaint should not be dismissed.

**IT IS THEREFORE ORDERED** that, within **21 days** from entry of this order, Plaintiff shall respond to this order, showing cause, if any, as to why his complaint should not be dismissed for failure to exhaust available administrative remedies.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**