IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK LUIS DE DIOS MARTINEZ,**

    Plaintiff,

    v.                                                                           No. 14-cv-0169 MCA/SMV

**CIBOLA COUNTY, CITY OF GRANTS,
KATHY GALLEGOS,
PENITENTIARY OF NEW MEXICO, and
FNU LNU,**

    Defendants.

**MEMORANDUM OPINION
AND SECOND ORDER TO SHOW CAUSE**

THIS MATTER is before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for further consideration of Plaintiff's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1]. By Order issued on October 24, 2014, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies. [Doc. 12]. In his Response [Doc. 15] filed November 14, 2014, Plaintiff asserts that he did exhaust administrative remedies. The Court will QUASH the first Order to Show Cause [Doc. 12] without prejudice to Defendants' right to assert the defense of non-exhaustion. On further review of the complaint, it appears that Plaintiff's claims may be barred by the applicable statute of limitations. For reasons set out below, the Court will require Plaintiff to show cause why his complaint was timely filed.

Plaintiff filed his complaint on February 21, 2014. [Doc. 1]. As noted in the prior Order, the complaint alleges that a state court sentenced Plaintiff to death in 1995, and he spent eight

years on death row. [Doc. 1] at 2. The death sentence and placement caused him to suffer behavioral problems which, in turn, caused him to be kept in segregation after he was released from death row in 2003. *Id.* In his response to the Court's earlier Order to Show Cause, Plaintiff alleges that he first attempted to obtain administrative relief in 2009 and then appealed his classification in 2010. Plaintiff was released from segregation in 2011. He contends that his extended confinement on death row and in segregation violated his Fifth and Fourteenth Amendment due process rights and amounted to cruel and unusual punishment, in violation of his Eighth Amendment protections.

On consideration of the above dates, it appears that Plaintiff's claims may be barred by the applicable statute of limitations. The period of limitations for a § 1983 action is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years. *See* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). "The statute of limitations begins to run when a plaintiff knows or should have known facts sufficient to support his cause of action." *Heuston v. Ballard*, 578 F. App'x 791, 792 (10th Cir. 2014) (citing *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011)). "A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'" *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quoting *Blumberg v. HCA Management Co.*, 848 F.2d 642, 645 (5th Cir. 1988). Under these rules, Plaintiff's claims accrued more than three years before he filed his complaint.

On the other hand, "a district court may not sua sponte dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity

to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009). As the Court of Appeals for the Tenth Circuit has stated, "[I]n a § 1983 suit, state tolling rules, not federal ones, apply," *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (citation omitted), and in New Mexico the limitations period applicable to a prisoner's claim may be tolled in either of two ways, *see id.* First, equitable tolling is available where circumstances beyond the prisoner's control prevent filing of a claim. *See id.*; *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (2004). Second, statutory tolling extends the limitations period where a prisoner attempts to exhaust mandatory administrative remedies. *See Roberts v. Barreras*, 484 F.3d at 1242; N.M. Stat. Ann. § 37-1-12 (Repl. Pamp. 1990). The Court will allow Plaintiff to argue for the timeliness of his complaint and whether the running of the limitations period was tolled. *See Vasquez Arroyo*, 589 F.3d at 1097; *Roberts*, 484 F.3d at 1241–42. Failure to respond to this order may result in dismissal of the complaint.

**IT IS THEREFORE ORDERED** that the Court's Order to Show Cause [Doc. 12], issued on October 24, 2015, is **QUASHED** without prejudice to Defendants' right to assert the defense of non-exhaustion.

**IT IS FURTHER ORDERED** that, within **30 days** from entry of this order, Plaintiff shall respond to this order showing cause, if any, why his complaint should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**