**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FRANK LUIS DE DIOS MARTINEZ,**

    **Plaintiff,**

     **v.**                                                     **No. 14-cv-0169 MCA/SMV**

**CIBOLA COUNTY, CITY OF GRANTS,**
**KATHY GALLEGOS,**
**PENITENTIARY OF NEW MEXICO, and**
**FNU LNU,**

    **Defendants.**

**<u>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>**

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 23], filed on April 16, 2015. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. Plaintiff reports that he is unable to afford counsel, his imprisonment and his lack of legal education limit his ability to litigate the case, and counsel would better enable him to present evidence and cross-examine witnesses at trial. [Doc. 23] at 1–2.

However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the

court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel.  Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 23] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**