**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANK LUIS DE DIOS MARTINEZ, *also
known as Francisco Luis De Dios Martinez*,

      Plaintiff,

    v.                                       No. 14-CV-00169 MCA/SMV

CIBOLA COUNTY, CITY OF GRANTS,
*New Mexico*, KATHY GALLEGOS*, Cibola
County Clerk*, PENITENTIARY OF NEW
MEXICO, *Level 6, North Supermax*, and
FNU LNU, *Acting Warden, in his unofficial
and official capacity*,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, for further consideration on Plaintiff's civil rights complaint under 42 U.S.C. § 1983.  [Doc. 1]  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons set out below, Plaintiff's civil rights complaint will be dismissed in part.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff filed his complaint in February 2014.[1] [Doc. 1]  As noted in prior Orders, the complaint alleges that a state court sentenced Plaintiff to death in 1995, and he spent eight years on death row at the Penitentiary of New Mexico (PNM), in Santa Fe, New Mexico.  [Doc. 1 at 2; *see also* Docs. 12 and 20]  The death sentence and placement caused Plaintiff to suffer behavioral problems, which, in turn, caused him to be kept in segregation after he was released from death row in 2003.  [*Id.*]  Plaintiff was released from segregation sometime in 2011.  He contends that his extended confinement on death row and segregation violated his Fifth and Fourteenth Amendment due process rights and amounted to cruel and unusual punishment, in violation of his Eighth Amendment protections.  [*Id.*]  Plaintiff's complaint seeks monetary damages.  [*Id.*]  In April 2015, Plaintiff filed a purported amendment to the complaint, which alleges that on February 6, 2015 his classification level was changed from level 3, to the more restrictive level 4, in violation of his rights under the Eighth Amendment.  [Doc. 22]

On October 24, 2014, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies.  [Doc. 12]  Plaintiff responded that he had exhausted his administrative remedies and the Court subsequently quashed the first Order to Show Cause without prejudice to Defendants' right to assert the defense of non-

---

[1] Under the prison mailbox rule, Plaintiff's civil rights complaint was filed "on the date it is given to prison authorities for mailing to the court."  *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).  Plaintiff bears the burden of proof to establish that a timely filing was made.  *Id.*  The Court need not determine, at this time, the precise date on which Plaintiff's civil rights complaint was filed.

exhaustion.  [Docs. 15, 20]

Thereafter, on April 8, 2015, the Court issued a second order to show cause, directing

Plaintiff to show cause why his complaint should not be dismissed as untimely.  [Doc. 20]  The

Court noted that:

> The period of limitations for a § 1983 action is the forum state's
> personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651
> (10th Cir. 1984, *aff'd*, 471 U.S. 261, 280 (1985), and the limitation
> on personal injury actions in New Mexico is three years.  *See* N.M.
> Stat. Ann. § 37-1-8 (Repl. Pamp. 1990).  "The statute of limitations
> begins to run when a plaintiff knows or should have known facts
> sufficient to support his cause of action."  *Heuston v. Ballard*, 578
> F.App'x 791, 792 (10th Cir. 2014) (citing *McCarty v. Gilchrist*,
> 646 F.3d 1281, 1289 (10th Cir. 2011)).  "A civil rights action
> accrues when 'facts would support a cause of action or should be
> apparent.'"  *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)
> (quoting *Blumberg v. HCA Management, Co.*, 848 F.2d 642, 645
> (5th Cir. 1988).

[Doc. 20 at 2]  The Court observed, that "[u]nder these rules, Plaintiff's claims accrued more

than three years before he filed his complaint."  [*Id.*]

In response, Plaintiff contends that he filed his civil rights complaint before the expiration

of the three-year statute of limitation, because he was not released from segregation until

sometime in or after May 2011.  [Doc. 25]  To support this contention, Plaintiff attached two

documents:  (1)  a notice from the Classification Committee indicating that Plaintiff's "Level

V/VI Review" was deferred until April 28, 2011 and (2) a notice from the Classification

Committee indicating that Plaintiff's "Level V/VI Review" was scheduled to be held on May 5,

2011.  [Doc. 25 at 3-4]  Plaintiff also submitted a third document, a "Level VI Placement Form"

dated August 29, 2001, which reflects the reason for Plaintiff's Level VI placement:

> On April 7th 1995 inmate Martinez was placed on Involuntary
> Administrative Segregation based on him being sentenced to death
> for a capital crime.  He is now being placed into Level VI based on
> his death sentence and his disruptive behavior that threatens the

3

security of the institution as evidenced by his 17 major and 2 minor
disciplinary reports dating from 07/08/96 through 10/11/01.

[Doc. 25 at 5]

As explained in the Court's April 8, 2015 Memorandum Opinion and Second Order to
Show Cause [Doc. 20], the statute of limitations for the claims raised in Plaintiff's civil rights
complaint is three years.  *See Garcia*, 731 F.2d at 651; N.M. Stat. Ann. § 37-1-8.  Therefore,
Plaintiff's claims predicated on events that occurred prior to February 2011 are time-barred.
Plaintiff argues, however, that because he was in segregation after February 2011 his claims are
not time-barred.  [Doc. 25]  The Court will liberally construe Plaintiff's argument as a request for
the application of the continuing violation doctrine.

The continuing violation doctrine permits a "plaintiff to challenge incidents that occurred
outside the statutory time limitations . . . if such incidents are sufficiently related and thereby
constitute a continuing pattern" of wrongful conduct.  *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th
Cir. 1994); *see also Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) ("Under the
continuing wrong doctrine, . . . 'where a tort involves a continuing or repeated injury, the cause
of action accrues at, and limitations begin to run from, the date of the last injury.'" (quoting 54
C.J.S. Limitation of Actions § 177 (1987))).  "A continuing violation is occasioned by continual
unlawful acts, not by continual ill effects from the original violation."  *Bergman v. United States
of America*, 751 F.2d 314, 317 (10th Cir. 1984) (internal quotation marks and citation omitted).
The Tenth Circuit Court of Appeals has "never announced a precedential rule as to the
applicability of the continuing violation doctrine to § 1983 claims."  *Loard v. Sorenson*, 561 Fed.
App'x 703, 706 (10th Cir. 2014) (unpublished opinion).

The Court need not determine whether the continuing violation doctrine is applicable to
Plaintiff's § 1983 claims, because it is well established that the doctrine "cannot be employed

4

where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Tiberi*, 89 F.3d at 1431 (internal quotation marks and citation omitted). Plaintiff knew, as early as 1996, that he was in segregation and he also knew, based on his own assertions, of the "major behavior problems" caused by "the well known effects [of] seg[regation]" dating from "7-8-1996 thru [sic] 10-11-2001" and beyond. [Doc. 25] Therefore, Plaintiff's injury was definite and discoverable and Plaintiff has not alleged that anything prevented him from coming forward to seek redress. *See Silverstein v. Fed. Bureau of Prisons, et al.*, 559 Fed. App'x 739, 751-52 (10th Cir. 2014) (holding that an inmate could not recover for thirty years of "continuing and uninterrupted" solitary confinement under the continuing violation doctrine because the plaintiff had "not shown anything prevented him from seeking redress years ago, especially in light of his assertion he became aware of the decline in his mental health at least twenty years ago") (unpublished opinion); *see also Fogle v. Slack*, 419 Fed. App'x 860, 864-865 (10th Cir. 2011) (affirming the district court's dismissal of claims challenging segregation decisions that occurred outside the limitations period because "each segregation decision was of a discrete nature and that, in many instances, segregation decisions were made by different decision makers across three different correctional facilities, thus making it inappropriate to aggregate all such decisions into one continuing violation for limitations purposes") (unpublished opinion). As such, the continuing violation doctrine is inapplicable to Plaintiff's civil rights complaint.

Plaintiff's § 1983 claims predicated on events that occurred prior to February 2011 will be dismissed with prejudice as untimely. Because Plaintiff's challenge to his placement on death row as a result of his illegal death sentence will be dismissed, the Court will dismiss Defendants Cibola County, City of Grants, and Kathy Gallegos as defendants to the present action.

Plaintiff's complaint also names PNM, which is operated by the New Mexico Corrections Department, and the Warden of PNM, acting in both his official and individual capacities, as defendants. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Similarly, state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 Fed. App'x 339, 342 (10th Cir. 2010) (unpublished opinion). "In these circumstances, the barrier is not Eleventh Amendment immunity-'[t]he stopper [is] that § 1983 creates no remedy against a State." *Prokop v. Colorado*, 30 Fed. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 70 (1997)). Accordingly, Plaintiff's § 1983 claims against PNM and the Warden of PNM acting in his official capacity will be dismissed.

Lastly, the Court addresses the claims raised in the amended complaint filed in April 2015. [*See* Doc. 22] Plaintiff alleges that on February 6, 2015 his classification level was changed from level 3, to the more restrictive level 4, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. [*Id.*] Plaintiff's amended complaint fails to identify the person or persons responsible for the alleged constitutional violation.[2] To state a plausible claim for relief under § 1983, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Because it is unclear who is responsible for the

---

[2] The sole remaining defendant in the present action is the Warden of PNM acting in his individual capacity. The record reflects that Plaintiff was not incarcerated at PNM at the time the alleged constitutional violation occurred, but rather at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. [*See* Doc. 22]

alleged constitutional violation, the claims raised in Plaintiff's amended complaint [Doc. 22] will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claims predicated on events that occurred prior to February 2011 are DISMISSED with prejudice as untimely; and Defendants Cibola County, City of Grants, and Kathy Gallegos are DISMISSED as parties to the present action;

IT IS FURTHER ORDERED that Plaintiff's claims against PNM and the Warden of PNM acting in his official capacity are DISMISSED with prejudice; and PNM is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the claims raised in Plaintiff's amended complaint [Doc. 22] are DISMISSSED without prejudice.

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint [Doc. 1], to the Warden of PNM.

_____
UNITED STATES DISTRICT JUDGE