IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK LUIS DE DIOS MARTINEZ,**

    **Plaintiff,**

**v.**                                                                              **No. 14-cv-0169 MCA/SMV**

**CIBOLA COUNTY, et al.,**

    **Defendants.**

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff brought suit against Defendants Cibola County, City of Grants, Kathy Gallegos, the Penitentiary of New Mexico ("PNM"), and the Warden of PNM in his official and individual capacities pursuant to 42 U.S.C. § 1983. [Doc. 1] at 1; [Doc. 22]. Plaintiff seeks monetary relief. [Doc. 1] at 5. On June 24, 2015, the Honorable M. Christina Armijo, Chief United States District Judge, issued a Memorandum Opinion and Order dismissing the Plaintiff's claims against all Defendants except for the Warden of PNM in his individual capacity. [Doc. 28] at 7.

Plaintiff's remaining claims concern events between February 21 and December 31, 2011. Plaintiff alleges that he was wrongfully held in segregation during this time in violation of his due process rights under the Fifth and Fourteenth Amendments. Complaint [Doc. 1] at 2. Plaintiff further alleges that he experienced "squalor, poor hygiene, temperature, and noise of extremely psychotic prisoners" during his segregation, in violation of his rights under the Eighth Amendment. *Id*.

In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendant is **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation, known as a *Martinez* report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte. *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence). However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendant's *Martinez* report must address the allegations against him as well as any defenses raised in his answer that he wishes to pursue.

Specifically, Defendant must produce records relevant to whether Plaintiff was incarcerated at PNM at any time between February 21 and December 31, 2011. Defendant must also produce records relevant to whether Plaintiff was in segregation at PNM at any time

2

between February 21 and December 31, 2011, and the nature of such segregation. In producing records concerning the nature of Plaintiff's segregation, Defendant shall address the four factors identified by the Tenth Circuit in *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334 (10th Cir. 2007). These factors are: "(1) [whether] the segregation relate[d] to and further[ed] a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement [were] extreme; (3) the placement increase[d] the duration of confinement . . . [and] (4) the placement [was] indeterminate." *Estate of DiMarco*, 473 F.3d at 1341.

Defendant must also produce records relevant to the Plaintiff's allegations of "squalor, poor hygiene, temperature, and noise of extremely psychotic prisoners" during his segregation from February 21 to December 31, 2011. Complaint [Doc. 1] at 2.

Defendant must produce records relevant to all affirmative defenses raised in his Answer [Doc 37]. For example, Defendant must produce records relevant to the defense of Plaintiff's failure to exhaust administrative remedies, including but not limited to: 1) any grievances filed by the Plaintiff concerning his segregation from February 21 to December 31, 2011, 2) any grievances filed by the Plaintiff concerning squalor, poor hygiene, temperature, and noise of other prisoners during such segregation, and 3) any responses to such grievances.

Defendant must abide by the following instructions in preparing his report:

1) The report must include a written brief that discusses Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2) The report must state whether records pertaining to the allegations exist.

3

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

In addition, Defendant shall provide a *Vaughn* index,[1] which includes a substantial description of any documents Defendant contends should not be disclosed. *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **November 23, 2015**. Plaintiff must file his response or objections to the report no later than **December 23, 2015**. Defendants must file their reply, if any, no later than **January 11**, **2016**.

**The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit all materials they consider relevant to their claims and defenses.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**

---

[1] "A *Vaughn* index is a compilation prepared by the government agency…listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).